SOCIÉTÉ ANONYME DE LA DISTILLERIE DE LA LIQUEUR BÉNÉDICTINE DE L'ABBAYE DE FÉCAMP *v.* WESTERN DISTILLING CO.

(*Circuit Court, E. D. Missouri, E. D.* April 29, 1890.)

INJUNCTION—VIOLATION—CONTEMPT.
> A defendant who, when enjoined from selling a certain cordial in certain bottles with a particular label, sells its entire stock of the cordial, bottles, and labels to a third person, under an arrangement that he would fill such orders for the cordial as the defendant might receive, is guilty of a violation of the injunction, though the defendant did not share in the profit of filling such orders, and though it had received the advice of counsel that it might sell its stock in bulk without violating the injunction.

On Motion to Punish the Defendant and Its President for Contempt.

*F. N. Judson* and *Chas. Bulkley Hubbell,* for complainant.

*Rassieur & Schnurmacher,* for defendant.

THAYER, J. The order heretofore entered in this case commanded the defendant, its officers, servants, and agents, to desist during the pendency of the action "from putting up, selling, or exposing for sale, * * * any liquid or cordial commonly called 'Benedictine,' which was put up in bottles, or with labels or wrappers, made in imitation of, or resemblance to, the bottles, labels, or wrappers in use by complainant for putting up a liquid or cordial known as 'Benedictine.'" It is admitted by the defendant that, after the service of this order, it sold to a third party its stock of liquor called 'Benedictine,' also its stock of bottles,

labels, and wrappers made in imitation of those used by complainant for putting up Benedictine, and that it turned over to such third party all orders for Benedictine in bottles subsequently received from its customers, and notified its customers that such third party would fill such orders. Though not expressly admitted by the affidavits, the court is satisfied, as a matter of fact, that the sale by defendant of its stock of cordial, bottles, labels, etc., to such third party was made for the express purpose of enabling him to supply defendant's customers with Benedictine put up in bottles, and with labels and wrappers, made in imitation of those in use by complainant, and under an arrangement with such third party that he would so supply them. Under the circumstances, the defendant must be adjudged guilty of a violation of the injunction. By entering into an arrangement with a third party to do the very act that it was enjoined from doing, and by supplying him with the means of doing the prohibited act, and by turning over to him such orders as were from time to time received from its customers for Benedictine put up in bottles, the defendant made itself a party to the act in question, and is as much responsible for it, as if done by itself. A party who, while resting under an injunction restraining him from doing a given act, counsels, advises, and procures another to do the act, violates the letter as well as the spirit of the restraining order. Even the criminal law regards one who counsels and advises another to commit a crime as an accessory before the fact, and as punishable in that capacity.

The affidavits filed by the defendant show that it did not make any sales of Benedictine in bottles, in its own name, after the injunction was served, and that it did not share in the profits of the sales made by the person to whom it transferred its stock of bottles, labels, etc. This, however, is immaterial. In a proceeding against the defendant for violating the injunction, its responsibility cannot be tested by determining whether it realized any profit from the sales in question. The test is, simply, whether it was intentionally instrumental in causing such sales to be made, and I have no doubt that it was.

Advice of counsel is also pleaded as an excuse for what was done by the defendant. The proof shows that advice was given to the effect that defendant might sell its stock of Benedictine in bulk, and even its stock of bottles and labels, without violating the injunction. But, conceding such advice to have been given, and to have been sound as far as it went, still it does not excuse the defendant for selling the articles in question under an arrangement with the purchaser that he would do with them precisely what the defendant was prohibited from doing, and that he would fill such orders as the defendant might receive, but was prohibited from filling. It is not claimed that advice was given to the effect that such an arrangement could lawfully be entered into, although it sufficiently appears that that was substantially the arrangement under which the sale was made. The defendant and its president are hereby adjudged guilty of contempt, and a joint fine of $50 is hereby imposed, together with the costs of this proceeding.